UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>                Plaintiff,<br><br>v.<br><br>GENESSE COUNTY<br>COMMUNITY ACTION<br>RESOURCE DEPARTMENT,<br>*et al.*,<br><br>                Defendants. | Case No. 24-11190<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS,
STRIKING TWO BRIEFS,
AND WARNING HIM OF SANCTIONS
(ECF NOS. 59, 60, 70, 71)**

**A.**

Plaintiff Gregory Hardy, proceeding pro se and in forma pauperis, sues under 42 U.S.C. § 1983. The Honorable Linda V. Parker referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7. The Court now denies Hardy's motions to determine the sufficiency of defendants' answers to his requests for admission and to compel discovery from defendants. ECF No. 59; ECF

1

No. 60.  The Court also **STRIKES** Hardy's reply briefs.  ECF Nos. 70 and 71.

## B.

This is one of three pending cases filed by Hardy that has been referred to the undersigned for pretrial proceedings.  In *Hardy v. Whitaker*, this Court recently recommended that the case be involuntarily dismissed under Federal Rule of Civil Procedure 41(b), and that Hardy be enjoined from filing future actions.  Case No. 24-cv-11270, ECF No. 211.  Hardy had wasted the resources of the Court and opposing counsel by flooding the docket with frivolous motions and failing to follow court rules and orders. *Id*.

For example, Hardy filed repetitive and unauthorized supplements to motions, including motions to compel discovery and to determine the sufficiency of defendants' answers.  *Id*., PageID.2388-2389.  Even after being warned that he had no right to file supplemental briefs without leave of court, Hardy continued to do so.  *Id.*, PageID.2406.  Hardy submitted briefs with fake citations and with no legal analysis to guide the requested determination*.  Id*., PageID.2395; Case No. 24-cv-11270, PageID.1481.  "Hardy's failure to learn and follow basic court rules is notable" because he "has been filing lawsuits since 1998, and a Bloomberg Law search shows

that he has filed 42 civil cases in this district and in the Western District of Michigan." No. 24-cv-11270, ECF No. 211, PageID.2406.

Hardy's pattern of filing frivolous and repetitive motions, and failing to follow court rules, continues in this case. In July 2024, Hardy filed a frivolous request for a clerk's entry of default even though this Court had granted defendants an extension of time to answer. ECF No. 16; ECF No. 14; ECF No. 17. Hardy filed two more frivolous requests for a clerk's entry of default after defendants filed their answer; those motions were also denied. ECF No. 49; ECF No. 50; ECF No. 51; ECF No. 52. He continues to file supplemental briefs without leave of court despite being instructed again here not to file extra briefs without leave of Court. ECF No. 25; ECF No. 31; ECF No. 66; ECF No. 70; ECF No. 71.

Hardy has moved for judgment on the pleadings (MJOP) under Rule 12(c), arguing that the Court "must accept all factual allegations *in the complaint as true*." ECF No. 58, PageID.393 (emphasis added). But when considering a Rule 12(c) motion, the Court must accept as true "all well-pleaded material allegations of the pleadings *of the opposing party*." *Moderwell v. Cuyahoga Cty.*, 997 F.3d 653, 659 (6th Cir. 2021) (cleaned up, emphasis added). Despite filing dozens of lawsuits over decades, Hardy does not understand the basic rules of civil procedure.

3

And Hardy filed two reply briefs to the MJOP.  ECF No. 70; ECF No. 71.  His filing of an extra reply brief violated E.D. Mich. LR 7.1(d)(1), which authorizes only a response brief and a reply brief to a motion.  *Acceptance Indem. Ins. Co. v. Shepard*, No. 19-cv-12777, 2021 WL 1087416, at *7 (E.D. Mich. Mar. 22, 2021) (defendant violated "Local Rule 7.1(d) by filing more than one brief to accompany her Motion to Set Aside Default.")

Hardy's first reply brief is mostly singled-spaced in an apparent effort to circumvent the seven-page limit, and he improperly included an unrelated motion for sanctions.  *See* E.D Mich. LR 5.1(a)(2) (requiring papers to be double-spaced); LR 7.1(i) (a motion "must not be combined with a response or reply" and "papers filed in violation of this rule will be stricken."); LR 7.1(d)(3)(B) (limiting reply briefs to seven pages, "including footnotes and signatures").  And although he is proceeding pro se, Hardy makes frivolous requests in various filings that he be awarded the "attorney's fees" he has incurred.  ECF No. 60, PageID.441; ECF No. 70, PageID.637.

Hardy's frivolous filings waste the Court's and opposing counsels' resources.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these

4

resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006). Hardy's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at *1 n. 2 (S.D. Ohio Apr. 27, 2006) (cleaned up). Hardy is **WARNED** that his continued failure to follow procedural rules or orders, or the filing of more frivolous motions, could result in sanctions—including a recommendation that this action be involuntarily dismissed under Rule 41(b).

**C.**

Hardy moves to determine the sufficiency of defendants' answers to his requests for admission under Federal Rule of Civil Procedure 36(a)(6). ECF No. 59. He attaches defendants' responses to his 30 requests for admission, asserting that the responses are "evasive, incomplete, or based on an improper objection." *Id*., PageID.411.

But Hardy does not individually address the requests or defendants' responses and he provides no legal analysis to guide a determination of whether defendants' responses or objections are sufficient. Hardy apparently expects the Court to supply the legal analysis for him, but requiring a court to "take his factual assertions, and mold them into a

5

plausible legal argument…is beyond the purview of the court's judicial role and can result in the subversion of the court's neutrality." *In re McFadden*, 477 B.R. 686, 690 (Bankr. N.D. Ohio 2012); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("Requiring district courts to advise pro se litigants…would undermine district judges' role as impartial decisionmakers.").

And because Hardy fails to support his requests for relief with legal analysis, he waives any right to the requested relief. *See McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner" are "deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones." (cleaned up)).

Making matters worse, Hardy's brief includes fake citations. ECF No. 59, PageID.413 (citing "Moore v. Ford Motor co.,755 F.2d 510, 513 (6th Cir. 1985)" and "Gibbs v. Wright, 2020 WL 1877661, at *2 (E.D. Tenn. Apr. 15, 2020)"). The Court suspects that the fake citations result from Hardy using generative artificial intelligence (AI).

> [T]he use of generative AI when drafting legal filings is a very risky practice, as pro se litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11

6

sanctions for use of AI generated phantom cases may be warranted.

*Smart v. Pro. Grp.*, No. 4:25-cv-11833, 2025 WL 3091139, at *5 (E.D. Mich. Nov. 5, 2025).

## D.

Hardy moves to compel defendants to produce documents responsive to his request for production of documents. ECF No. 60, PageID.437. Hardy states that defendants have "submitted some" but not all the documents he requested. *Id.*, PageID.438.

Hardy's motion again includes fake citations. *Id.*, PageID.440 (citing "Jones v. Tenn. Dep't of Homeland Sec., 985 F3d 544, 550 (6th Cir. 2021)" and "McCarthy v. Ameritech Publ'g Inc., 763 F3d 619, 629 (6th Cir. 2014)").

And Hardy's motion fails to comply with the local rules. E.D. Mich. LR 37.2 ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."); *see also Anderson v. Furst*, No. 17-cv-12676, 2018 WL 4407750, at *2 (E.D. Mich. Sept. 17, 2018) (denying motion that "fail[ed] to either recite [verbatim] Defendants' responses and objections in his motion or attach a copy of

7

Defendants' responses to his motion, as expressly required by E.D. Mich. LR 37.2.").

### E.

The Court **DENIES** Hardy's motion to determine the sufficiency of defendants' answers (ECF No 59), **DENIES** his motion to compel discovery (ECF No. 60), and **STRIKES** ECF No. 70 and ECF No. 71.

                s/Elizabeth A. Stafford
                ELIZABETH A. STAFFORD
                United States Magistrate Judge

Dated: January 28, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2026.

                                      s/Davon Allen
                                      DAVON ALLEN
                                      Case Manager