UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

v.

GENESSE COUNTY
COMMUNITY ACTION
RESOURCE DEPARTMENT,
*et al.,*

Defendants.

Case No. 24-11190
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S
EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL
AND REQUESTS FOR IMMEDIATE STAY OF PROCEEDINGS
(ECF NOS. 75)**

Plaintiff Gregory Hardy, proceeding pro se and in forma pauperis,

sues under 42 U.S.C. § 1983.  The Honorable Linda V. Parker referred the

matter to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1).  ECF No. 7.

Hardy moves a third time for the appointment of counsel.  ECF No.

75.  This Court denied his earlier motions for appointment of counsel

without prejudice, finding that Hardy has not shown exceptional

1

circumstances meriting appointment of counsel during this pretrial stage. ECF No. 37; ECF No. 39.  This conclusion has not changed.

Hardy argues that this Court created exceptional circumstances warranting the appointment of counsel by noting in other cases that he suffers from mental illnesses.  ECF No. 75, PageID.711.  In a report and recommendation (R&R) to dismiss in *Hardy v. Whitaker*, the Court noted that his "pattern of vexatious litigation may stem from mental illness," citing his untreated memory loss, paranoia, and schizoaffective and bipolar disorders.  Case No. 24-11270, ECF No. 211, PageID.2406-2407.  But in the same R&R, the Court described Hardy's rejection of the continued assistance of the Federal Pro Se Legal Assistance Clinic because he did not like the clinic's advice.  *Id*., PageID.2390-2391.  Hardy asserted that he could litigate his own case.  *Id*.  The clinic is headed by Director Barbara Patek, a highly experienced attorney.  *Id*., PageID.2387.

When Hardy has already rejected the assistance of an experienced attorney, the Court finds that this is not an exceptional case that justifies appointment of counsel.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Appointment of counsel in civil actions is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).  The

Court will not draw on its limited resources of attorneys willing to represent plaintiffs pro bono for Hardy when he is unlikely to accept an attorney's unfavorable advice.

The Court also rejects as premature Hardy's argument that his claims are meritorious.  ECF No. 75, PageID.707.  When addressing motions to appoint counsel, the likelihood of success is generally determined after the exhaustion of dispositive motions.  *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, 2017 WL 11490776 (E.D. Mich. May 5, 2017) ("Appointment of counsel is almost always denied prior to the exhaustion of dispositive motions.").  Should Hardy's claims survive dispositive motions, he may then renew his motion to appoint counsel.

For now, Hardy's third request for appointment of counsel is **DENIED WITHOUT PREJUDICE.**

Hardy also moves to stay all proceedings in this case, "including the February 10th, 2026 deposition, until this Motion for Appointment of Counsel is decided."  ECF No. 75, PageID.713, 714, 716.  Because the Court denies his motion to appoint counsel, the motion to stay is **DENIED AS MOOT** and Hardy must appear for his scheduled deposition.

3

**The Court WARNS Hardy that he will face sanctions under Federal Rule of Civil Procedure 37 or the Court's inherent authority if he fails to appear for his deposition, and those sanctions may include involuntary dismissal of this case.** *See Hills v. Garcia*, No. 15-12148, 2022 WL 6576965 (E.D. Mich. Apr. 11, 2022), *adopted,* 2022 WL 4355138 (E.D. Mich. Sept. 20, 2022). "One of the most basic obligations of a plaintiff suing for relief is that he sit for his own deposition," so the failure of a plaintiff to attend his deposition exposes him to greater sanctions than other discovery violations. *Id*. at *1, *3. And though Hardy is proceeding pro se, he still must comply with the federal and local rules of procedure. *Id*. at *1.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 5, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a**

4

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2026.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager