statUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

                              Plaintiff,

v.

GENESSE COUNTY
COMMUNITY ACTION
RESOURCE DEPARTMENT,
*et al.,*

                              Defendants.

Case No. 24-11190
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER ON DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
(ECF NO.  64)**

Plaintiff Gregory Hardy, proceeding pro se, sues Genesee County

and two employees of a county agency under 42 U.S.C. § 1983.  ECF No.

56.  The Honorable Linda V. Parker referred the case to the undersigned

for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.

Defendants move for a protective order that would prohibit Hardy from

publicly disclosing portions of personnel files produced in discovery.  ECF

No. 64.

1

Federal Rule of Civil Procedure 26(c)(1) allows a party from whom discovery is sought to move for a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden." The movant bears the burden of showing good cause for a protective order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Courts enjoy "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up). In exercising that discretion, a court must balance the competing interests and hardships of the parties. *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

Defendants ask the Court to issue the proposed protective order attached as Exhibit B to their motion. ECF No. 64, PageID.551; ECF No. 64-2. Hardy opposes the motion, asserting that the records at issue are relevant to his claims and the issue of damages. ECF No. 65, PageID.568. But a protective order would not prevent Hardy from relying on the records to support his claims. Rather, protective orders merely allow for secrecy during the discovery phase. "Secrecy is fine at the discovery stage, before the material enters the judicial record. Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause.' Fed. R. Civ. P. 26(c)(1). These orders are

2

often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (cleaned up).

At the adjudicative stage, protective orders do not prevent a party from relying on evidence produced during discovery. *Id.* "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id*. A party wishing to protect material from public disclosure during the adjudicative stage must overcome a "strong presumption in favor of openness." *Id*. at 305-306 (cleaned up); *see also* E.D. Mich. LR 5.3. And even if the Court grants a motion to seal materials to protect them from public disclosure, the sealed materials remain available to the parties and the Court for motion practice or in-court proceedings. *Id*.

Good cause supports defendants' request for a protective order. "While there is no privilege that necessarily protects the production of personnel files, the Sixth Circuit has recognized a 'valid interest' in the privacy of these files." *Grays v. Mayorkas,* No. 21-cv-10526, 2022 WL 386020, at *5 (E.D. Mich. Feb. 8, 2022) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999)). And courts have "observed that

'strong public policy exists against the disclosure of personnel records'" in part because it would invade the employees' privacy.  *Ford Motor Co. v. Versata Software, Inc.*, No.  15-cv-10628, 2017 WL 3944392, at *3 (E.D. Mich. Aug. 7, 2017) (quoting *In re Sunrise Secs. Litig*, 130 F.R.D. 560, 580 (E.D. Pa. 1989)).

Thus, the Court **GRANTS** defendants' request for a protective order with modifications, and **ORDERS**:

1. Neither the personnel files nor the information in them shall be used for any purpose other than this litigation.

2. Neither the personnel files nor the information in them shall be disclosed to any person other than Hardy, his attorneys including support staff, and his expert witnesses, without the written permission of defense counsel or by order of this Court.

3. If Hardy wants to use any portion of the personnel files in a dispositive motion in this case, he must notify defense counsel in writing and identify the records he wants to use **at least two weeks before filing that motion**.

4. Defendants then may move to seal the designated material under Rule. LR 5.3.  Defense counsel must comply with Rule 5.3(b)(3)(v) and (vi) for filing redacted and unredacted versions of the designated

materials.  Defendants' brief must either (1) show that the designated material may be sealed by statute or rule under Rule 5.3(a), or (2) provide, "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies the controlling legal authority."  Rule 5.3(b)(3)(iv).  If such a motion is filed, Hardy may object to the filing of documents under seal in a response brief.  The deadlines for the response brief and reply brief are as stated in E.D. Mich. LR 7.1(e).

5. Nothing in this Order shall prevent Hardy from asking permission of the defendants or the Court to disclose, divulge, share, or otherwise disseminate the personnel files or information in them.

6. Upon the final resolution of this case, whether by settlement, order of dismissal, or judgment, all physical copies of the personnel files produced to Hardy must be destroyed and all digital copies must be deleted.  Neither Hardy nor anyone employed by him may retain copies of the personnel files.

.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: February 17, 2026          United States Magistrate Judge

5

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager

6