UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>                    Plaintiff,<br><br>v.<br><br>GENESSE COUNTY<br>COMMUNITY ACTION<br>RESOURCE DEPARTMENT,<br>*et al.,*<br><br>                    Defendants. | Case No. 24-11190<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS
(ECF NO. 58)**

## I.    Introduction

Plaintiff Gregory Hardy, proceeding pro se and in forma pauperis,

sues Genesse County, Michael Isom, and Donita Pikes under 42 U.S.C.

§ 1983.  *See* ECF No. 32, PageID.210; ECF No. 56, PageID.339, 348.

Hardy claims in his amended complaint that he was wrongfully denied

home weatherization benefits because of his complaints against  Isom, the

home maintenance assistant director at the Genesee County Community

Action Resource Department (GCCARD).  ECF No. 56.  The Honorable

1

Linda V. Parker referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.

Hardy moved for judgment on the pleadings.  ECF No. 58.  The Court then noted in an order warning him about his frivolous filings that his motion misstated the legal standard under Federal Rule of Civil Procedure 12(c).  ECF No. 74, PageID.696.  Yet Hardy did not withdraw his motion. The Court **RECOMMENDS** that this frivolous motion be **DENIED.**

## II.    Analysis

Hardy moves for judgment on the pleadings as to liability on his First Amendment retaliation and Fourteenth Amendment procedural due process claims.  ECF No. 58, PageID.388, 397-398.  He asserts that the Court "must accept all factual allegations *in the complaint as true*."  ECF No. 58, PageID.393 (emphasis added).  But under Rule 12(c), the Court must accept as true "all well-pleaded material allegations of the pleadings *of the opposing party*."  *Moderwell v. Cuyahoga Cnty*., 997 F.3d 653, 659 (6th Cir. 2021) (cleaned up, emphasis added).  So when a plaintiff moves for judgment on the pleadings, the Court "will not blindly accept legal conclusions nor draw unwarranted factual inferences from either the complaint or the answer."  *United Food & Com. Workers, Loc. 1995 v. Kroger Co*., 51 F.4th 197, 202 (6th Cir. 2022).  After the Court accepts the

2

"answer's well-pleaded allegations as true and construes the pleadings and exhibits in a light most favorable to the defendant, 'the motion may be granted only if the [plaintiff] is nevertheless clearly entitled to judgment.'" *Id*.

Hardy's motion is based on factual allegations that defendants deny. For example, he alleges in his motion that Pikes told him that the weatherization would not be finished because of his notices of intent to sue. ECF No. 58, PageID.384.  Hardy asserts that Isom claimed that the work could not be done due to funding, and that Isom said that he would block Hardy's weatherization work because of Hardy's complaints.  ECF No. 58, PageID.383.  Defendants deny all those allegations.  ECF No. 57, PageID.360-361, 363.

Hardy also makes the frivolous argument that "further discovery into liability is disproportionate to the needs of the case under Rule 26(b)(1), as it would constitute an undue burden on the parties and a waste of judicial time."  ECF No. 58, PageID.398.  Thus, he suggests in his motion that he has the right to file a complaint making allegations that the Court must accept as true without allowing defendants to engage in discovery.  And Hardy argues that "there is no genuine dispute as to any material fact regarding the [government's] unconstitutional actions."  *Id*.   But the

3

question of whether genuine disputes of material fact exist relates to a motion for summary judgment under Federal Rule of Civil Procedure 56, not to a motion under Rule 12(c).  *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).  The frivolousness of his motion cannot be overstated.

As the Court recently emphasized when recommending that another of Hardy's actions be dismissed as a sanction for his bad faith conduct, "Hardy's failure to learn and follow basic court rules is notable because 'this is not his first rodeo'; he is 'no ordinary pro se litigant' given his 'share of experience' in federal courts."  *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *12 (E.D. Mich. Mar. 2, 2026) (quoting *Muhammad v. Gap Inc.*, No. 2:24-CV-3676, 2025 WL 1836657, at *8 (S.D. Ohio July 3, 2025)). Hardy "has been filing lawsuits since 1998, and a Bloomberg Law search shows that he has filed 42 civil cases in this district and in the Western District of Michigan."  *Id*.  The Honorable Stephen J. Murphy adopted the recommendation to dismiss Hardy's case and to enjoin him from filing more actions in federal court.  *Id*. at *3-*4.

Hardy's motion for judgment on the pleadings is another of his many frivolous motions and unauthorized documents that have "wasted the resources of the Court and opposing counsel."  *Id*. at *4.

4

### III.    Conclusion

The Court **RECOMMENDS** that Hardy' motion for judgment on the pleadings (ECF No. 58) be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 13, 2026

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager