UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

                Plaintiff,

v.

GENESSE COUNTY
COMMUNITY ACTION
RESOURCE DEPARTMENT,
*et al.*,

                Defendants.

Case No. 24-11190
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

**ORDER STRIKING PLAINTIFF'S MOTION TO CONSOLIDATE
AND DENYING HIS RENEWED MOTION TO COMPEL
(ECF NOS. 77 & 86)**

---

Plaintiff Gregory Hardy sues under 42 U.S.C. § 1983.  ECF No. 56.

This case was referred to the undersigned for all pretrial matters under 28

U.S.C. § 636(b)(1).  ECF No. 7.  The Court now strikes his motion to

consolidate and denying his renewed motion to compel.  ECF No. 77; ECF

No. 86.

**A.**

Hardy moved in February 2026 to consolidate this case with two

others he filed.  ECF No. 77.  He filed the same motion in the other cases.

*Hardy v. Whitaker*, 24-11270, ECF No. 218; *Hardy v. Jones*, Case No. 25-12718, ECF No. 33.  In support of those requests, Hardy's motion states that, in "Berndt v. Tennessee, 796 f.2d 879, 882 (6th Cir. 1986), the Sixth Circuit held that when a court has 'reason to believe' a litigant suffers from mental issues, it is an abuse of discretion to dismiss for failure to follow rules without first addressing capacity."  ECF No. 77, PageID.728.  But the *Berndt* opinion neither includes the quoted language "reason to believe" nor addresses the dismissal of cases brought by litigants with mental issues.

Hardy's brief also states that, under "United States v. Frazier, 584 F.2d 790, 794 (6th  Cir. 1978), a judge may not act as an 'amateur psychologist.'"  ECF No. 77, PageID.729.  But again, the quoted phrase "amateur psychologist" appears nowhere in the *Frazier* opinion, and that criminal case does not address the issues raised in Hardy's motion.

Thus, Hardy's motion to consolidate includes fake quotations, likely the result of him using generative artificial intelligence (AI) without confirming its accuracy.  And the motion was filed *the month after* this Court recommended in a report and recommendation (R&R) that Hardy be sanctioned, reasoning in part that he used fake citations in a motion for summary judgment.  Case No. 24-cv-11270, ECF No. 211, PageID.2395-

2396; *Hardy v. Whitaker*, ___ F.R.D. ___ 2026 WL 575225, at *8 (E.D. Mich. Mar. 2, 2026) (combined R&R and opinion adopting the R&R).  The R&R explained, "Courts and opposing counsel are [ ] burdened by the careless use of AI by pro se filers."  *Hardy v. Whitaker*, ___ F.R.D. ___ 2026 WL 575225, at *10.  Hardy apologized for his "inclusion of inaccurate citations generated by an AI tool" in his objections to the R&R.  Case No. 24-cv-11270, ECF No. 213, PageID.2430.  But he repeated the same offense in his motion to consolidate.

More recently, the Sixth Circuit emphasized that the "even a single fake case can be sanctionable" and that "citing fake cases can harm the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and the reputation of a party attributed with fictional conduct."  *Whiting City of Athens Tennessee*, ___ F. 4th ___, 2026 WL 710568, at *4 (6th Cir. Mar. 13, 2026) (cleaned up).  Thus, district courts may sanction the misuse of AI under Federal Rule of Civil Procedure 11 and their inherent authority.  *Id.* at *5.

Hardy's misuse of AI in his motion to consolidate is not his only repeat transgression.  The R&R in *Hardy v. Whitaker* also discussed how he had filed umpteen frivolous motions.  *Hardy v. Whitaker*, ___ F.R.D. ___ 2026 WL 575225, at *4-*7, *12-*13.  Because Hardy's motion to

consolidate falsely claims that this Court has a duty to address his mental capacity, the motion is frivolous.

Thus, the Court **STRIKES** Hardy's motion to consolidate (ECF No. 77).

**B.**

Hardy moved before to compel discovery and to determine the sufficiency of defendants' answers to his requests for admission.  This Court denied those motions because Hardy failed to comply with the applicable rules, did not individually address the requests or defendants' responses, and provided no legal analysis to guide the requested determinations.  ECF No. 74, PageID.698-701.

Hardy's renewed motion to compel is also improper because it does not address the applicable legal standards.  ECF No. 86.  Rather than analyzing the relevance and proportionality of the discovery disputes under Federal Rule of Civil Procedures 26(b), Hardy argues that defendants engaged in misconduct under fictional theories, including "Administrative stalling & Evidentiary Fraud"; "FORESEEABILITY OF FORFEITURE"; and "Privacy Hypocrisy."  *Id*., PageID.781, 784.  He also alleges, "17 Quarters of Silence (Williams v. Reed), 605 U.S. __ (2025): The duration of the delay is per se constitutional violation."  *Id*., PageID.784.  The *Williams* opinion

includes no reference to "17 Quarters of Silence" and involved no discovery dispute. *Williams v. Reed*, 604 U.S. 168, 170 (2025).

Hardy also makes conclusory arguments that defendants' objections to his discovery requests should be rejected and that they failed to disclose mandated ledgers.  But again, he appears to expect the Court to supply the legal analysis for him by requiring a court to "take his factual assertions, and mold them into a plausible legal argument…is beyond the purview of the court's judicial role and can result in the subversion of the court's neutrality."  *In re McFadden*, 477 B.R. 686, 690 (Bankr. N.D. Ohio 2012); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) "Requiring district court to advise pro se litigants…would undermine district judges' role as impartial decisionmakers.").

And because Hardy fails to support his requests for relief with legal analysis, he waives any right to the requested relief.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner" are "deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones."  (cleaned up)).

The Court also notes that it previously solicited the Federal Pro Se Legal Assistance Clinic to help Hardy, but he rejected their help when they

gave him advice that he did not like.  *Hardy v. Whitaker*, ___ F.R.D. ___, 2026 WL 575225, at *5-*6 (E.D. Mich. Mar. 2, 2026).

Thus, the Court **DENIES** Hardy's renewed motion to compel.  ECF No. 86.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 6, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager