UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>GENESEE COUNTY COMMUNITY ACTION RESOURCE DEPARTMENT, *et al.,*<br><br>Defendants. | Case No. 24-11190<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

## I. Introduction

Plaintiff Gregory Hardy, proceeding pro se and in forma pauperis, sues under 42 U.S.C. § 1983. ECF No. 56. The Honorable Linda V. Parker referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

Throughout this litigation, Hardy has wasted the resources of the Court and defendants by filing frivolous motions and unauthorized documents without regard to court rules or prior orders. And he continues

to do so even after being warned that conduct could result in sanctions—including a recommendation that this action be involuntarily dismissed under Federal Rule of Civil Procedure 41(b). Thus, the Court now recommends that this case be dismissed with prejudice under Rule 41(b).

## II. Background

Three of Hardy's recent cases were referred to the undersigned for pretrial proceedings. *Hardy v. Whitaker* was involuntarily dismissed under Federal Rule of Civil Procedure 41(b), and Hardy was enjoined from filing future actions in this district, on this Court's recommendation. *Hardy v. Whitaker*, ___ F.R.D. ___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026). Those sanctions were imposed because Hardy had wasted the resources of the Court and opposing counsel by flooding the docket with frivolous motions and failing to follow court rules and orders. *Id.* For example, Hardy filed repetitive and unauthorized supplements to motions. Case No. 24-cv-11270, ECF No. 211, PageID.2388-2389. Even after being warned that he had no right to file supplemental briefs without leave of court, Hardy continued to do so. *Id.*, PageID.2406. Hardy submitted briefs with fake citations, likely from Hardy using generative artificial intelligence (AI). *Id.*, PageID.2395-2396. And Hardy filed motions with no legal

analysis to guide the requested determinations. *See* ECF No. 146 in Case No. 24-cv-11270, PageID.1481.

Hardy has engaged in the same types of misconduct in this case, as explained in a January 2026 order denying motions, striking briefs, and warning of sanctions:

> In July 2024, Hardy filed a frivolous request for a clerk's entry of default even though this Court had granted defendants an extension of time to answer. ECF No. 16; ECF No. 14; ECF No. 17. Hardy filed two more frivolous requests for a clerk's entry of default after defendants had filed their answer; those motions were also denied. ECF No. 49; ECF No. 50; ECF No. 51; ECF No. 52. He continues to file supplemental briefs without leave of court despite being instructed again here not to file extra briefs without leave of Court. ECF No. 25; ECF No. 31; ECF No. 66; ECF No. 70; ECF No. 71.
>
> Hardy has moved for judgment on the pleadings (MJOP) under Rule 12(c), arguing that the Court "must accept all factual allegations *in the complaint as true*." ECF No. 58, PageID.393 (emphasis added). But when considering a Rule 12(c) motion, the Court must accept as true "all well-pleaded material allegations of the pleadings *of the opposing party*." *Moderwell v. Cuyahoga Cty.,* 997 F.3d 653, 659 (6th Cir. 2021) (cleaned up, emphasis added). Despite filing dozens of lawsuits over decades, Hardy does not understand the basic rules of civil procedure.
>
> And Hardy filed two reply briefs to the MJOP. ECF No. 70; ECF No. 71. His filing of an extra reply brief violated E.D. Mich. LR 7.1(d)(1), which authorizes only a response brief and a reply brief to a motion. *Acceptance Indem. Ins. Co. v. Shepard*, No. 19-cv-12777, 2021 WL 1087416, at *7 (E.D. Mich. Mar. 22, 2021) (defendant violated "Local Rule 7.1(d) by filing more than one brief to accompany her Motion to Set Aside Default.")
>
> Hardy's first reply is mostly single-spaced in an apparent effort to circumvent the seven-page limit, and he improperly

> included an unrelated motion for sanctions. *See* E.D. Mich. LR 5.1(a)(2) (requiring papers to be double-spaced); LR 7.1(i) (a motion "must not be combined with a response or reply" and "papers filed in violation of this rule will be stricken.") LR 7.1(d)(3)(B) (limiting reply briefs to seven pages, "including footnotes and signatures"). And although he is proceeding pro se, Hardy makes frivolous requests in various filings that he be awarded the "attorney's fees" he has incurred. ECF No. 60, PageID.441; ECF No. 70, PageID.637.

ECF No. 74, PageID.696-697.

In the January 2026 order, this Court denied Hardy's motions to determine the sufficiency of defendants' answers to his requests for admission and to compel discovery from defendants. The Court reasoned that Hardy cited "fake citations" that may stem from his misuse of generative AI, and warned that risky practice opens an AI user to Rule 11 sanctions. *Id.*, PageID.699-700. Hardy also failed to comply with the applicable rules and provided no legal analysis to guide the requested determinations. *Id.*, PageID.698-701. The Court warned Hardy "that his continued failure to follow procedural rules or orders, or the filing of more frivolous motions, could result in sanctions—including a recommendation that this action be involuntarily dismissed under Rule 41(b)." *Id.*, PageID.698.

But the warning has not stopped Hardy from filing improper and frivolous documents. In an emergency motion for appointment of

counsel and for an immediate stay of proceedings (including his deposition), Hardy characterized the warnings in the January 2026 order as evidence of bias against him. ECF No. 75. He then filed a supplement to that motion without leave of court. ECF No. 79. The Court denied his emergency motion. ECF No. 78. But rather than objecting to this Court's denial of Hardy's emergency motion, he filed an emergency petition for writ of mandamus in the Sixth Circuit the day before his scheduled deposition. ECF No. 80; Sixth Circuit Case No. 26-1137. Hardy defaulted his right to appeal the order to the Sixth Circuit when he failed to first object to the order. *Kramer v. Am. Elec. Power Exec. Severance Plan*, 128 F.4th 739, 748 (6th Cir. 2025) ("Because Kramer did not object to the magistrate judge's order, he may not challenge it on appeal.").

Hardy also improperly combined objections with a motion, so the Court struck them. ECF No. 82; ECF No. 83. And Hardy did not withdraw his MJOP even after the Court warned him in the January 2026 order that his MJOP was frivolous. ECF No. 74, PageID.696. The Court thus had to waste time preparing and filing a report and recommendation to deny the motion. ECF No. 89.

Hardy has also filed no witness list, though (1) it was due in February 2026, (2) defendants timely filed their witness list, and (3) discovery closes on April 23, 2026. ECF No. 44; ECF No. 84.

This Court recently struck Hardy's motion to consolidate this case with two other cases he filed because his brief included fake quotations, likely the result of his continued use of generative AI without confirming its accuracy. ECF No. 94. This Court also denied Hardy's renewed motion to compel because it does not address the relevance and proportionality of the discovery disputes under Federal Rule of Civil Procedures 26(b) and instead relied on fictional theories for relief. *Id.*

The Court also notes that it previously solicited the Federal Pro Se Legal Assistance Clinic to help Hardy, but he rejected their help when they gave him advice that he did not like. *Hardy v. Whitaker*, ___ F.R.D. ___, 2026 WL 575225, at *5-*6 (E.D. Mich. Mar. 2, 2026).

## III. Analysis

Courts have the power to impose sanctions as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Exercising

that power is increasingly important in the wake of the exploding use of generative AI. Damien Charlotin, a legal analyst, has tracked more than 800 legal decisions about AI-generated hallucinated content in the United States.[1] The hallucinated content is "typically fake citations, but also other types of AI-generated arguments." *Id.*; *see also Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) ("It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs."). The Sixth Circuit recently emphasized that "even a single fake case can be sanctionable" and that "citing fake case cites can harm the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and the reputation of a party attributed with fictional conduct." *Whiting v. City of Athens Tennessee*, ___ F.4th ___, 2026 WL 710568, at *4 (6th Cir. March 13, 2026) (cleaned up).

As noted in *Hardy v. Whitaker*, "[l]ikely because of the availability of AI, non-prisoner pro se filings have skyrocketed in this district and circuit,

[1] *AI Hallucination Cases*, https://www.damiencharlotin.com/hallucinations/?q=&sort_by=-date&states=USA&period_idx=0&page=2 (last visited on April 3, 2026).

and such filings exceed prisoner filings in this district for the first time in recent years." *Hardy v. Whitaker*, ___ F.R.D. ___, 2026 WL 575225, at *10. And this Court has observed that non-prisoner pro se filings are increasingly likely to clog dockets with frivolous and improper documents. *Id.*

The sharp increase in frivolous pro se filings burdens the Court. *See In re McDonald*, 489 U.S. 180, 184-185 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *U.S. ex rel Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *Thanedar v. Time Warner, Inc.*, 352 F. App'x. 891, 900 (5th Cir. 2009) ("It is well-settled that a plaintiff's pro se status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

Courts and opposing counsel are also burdened by the careless use of AI by pro se litigants like Hardy.

> Litigants who simply file the material that AI tools generate, without carefully reviewing it first for accuracy, have the potential to swamp courts with what appear at first glance to be legal arguments built on law and precedent, but which are in fact nothing of the sort. And not only are these problems in their own right, but they also heighten the two concerns the Court highlighted above—that defendants will be forced to spend more time and incur more costs parsing through copious baseless filings to defend an action, and that Courts will waste precious time doing the same in ruling on motions and moving matters along.

*Muhammad v. Gap Inc.*, No. 2:24-cv-3676, 2025 WL 1836657, at *14 (S.D. Ohio July 3, 2025). And while monetary sanctions under Rule 11 may effectively discourage attorneys from carelessly relying on AI, imposing a monetary sanction on plaintiffs proceeding in forma pauperis (IFP) would likely be futile. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("[P]aupers filing *pro se* petitions are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions."); *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Monetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper, as Hoskins does here."); *Simmons v. Gilmore*, No. 2:17-cv-00996, 2020 WL 4016331, at *4 (W.D. Pa. July 16, 2020) ("Imposing a monetary sanction on Simmons would be ineffective as he appears to be

impecunious."). Imposing monetary sanctions on a pro se plaintiff who has a history of clogging the docket would also only "provoke further litigation." *Jones v. Michigan Dep't of C.R.*, No. 18-11934, 2020 WL 4812700, at *2 (E.D. Mich. Feb. 7, 2020).

So rather than imposing monetary sanctions, the better options for sanctions against pro se plaintiffs proceeding IFP who engage in bad faith conduct include: (1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court. *Hardy v. Whitaker*, ___ F.R.D. ___, 2026 WL 575225, at *11. Revoking Hardy's IFP status is unlikely to be effective because, in *Hardy v. City of Flint*, he paid the filing fee after his IFP application was denied. Case No. 22-cv-11351, ECF No. 4. And Hardy has already been enjoined from filing future lawsuits in this district without leave of court. *Hardy v. Whitaker*, ___ F.R.D. ___, 2026 WL 575225, at *4.

Thus, the Court recommends that Hardy's complaint be dismissed with prejudice under Rule 41(b).

Rule 41(b) authorizes courts to involuntarily dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." A court also has the inherent authority to sanction bad-faith conduct, "derive[d] from its equitable power to control the litigants before it

and to guarantee the integrity of the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). "A primary aspect of [a court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Although dismissal is a severe sanction, it is within a court's discretion. *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016). Four factors guide whether dismissal is proper:

> (1) whether the party's conduct was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 520-21 (cleaned up).[2] Although no one factor is dispositive, bad faith is the preeminent consideration. *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010). And while pro se litigants are generally entitled to a degree of leniency, "pro se filings do not serve as an

---

[2] These factors are the same whether proceeding under Federal Rules of Civil Procedure 16(f), 37, 41(b), or the Court's inherent authority. *Mager v. Wisc. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994).

impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Porton v. SP One, Ltd.*, No. 6:15-cv-566–Orl-40KRS, 2015 WL 1648893, at *2 (M.D. Fla. Apr. 13, 2015) (cleaned up); *see also Simmons v. Henry Ford Health Sys.*, No. 18-cv-14058, 2023 WL 1767473, at *4 (E.D. Mich. Feb. 3, 2023).

Applying these factors, dismissal of this case is warranted.

For the first factor, to qualify as "bad faith, willfulness, or fault," a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). There must be "a clear record of delay or contumacious conduct" that is "perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (cleaned up). The type of conduct to which the bad-faith standard applies includes a pattern of violating court orders; "delaying or disrupting the litigation"; or "hampering enforcement of a court order." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (cleaned up); *Simmons*, 2023 WL 1767473, at *4.

As detailed above, Hardy has continued to clog the docket in this case with frivolous and improper filings and has been stubbornly disobedient of court rules and orders. The bad faith factor is satisfied.

As to the second factor, defendants have been prejudiced by having to waste time and resources filing responses and motions to strike Hardy's endless, meritless, and repetitive filings. Defendants have also been prejudiced by Hardy's failure to comply with court-imposed deadlines. Hardy has the benefit of defendants' timely witness list. But Hardy failed to file a witness list by the deadline in this Court's scheduling order—and still has not filed one—and discovery closes later this month. And Hardy filed an emergency motion to stay his deposition because Hardy wanted counsel appointed for him even though that request had already been denied. "One of the most basic obligations of a plaintiff suing for relief is that he sit for his own deposition." *Hills v. Garcia*, No. 15-12148, 2022 WL 6576965, at *3 (E.D. Mich. Apr. 11, 2022), *adopted,* 2022 WL 4355138 (E.D. Mich. Sept. 20, 2022). When Hardy's motion to stay his deposition was denied by this Court, he petitioned for mandamus in the Sixth Circuit on the day before his scheduled deposition.

As to the third factor, Hardy was expressly warned that he faced dismissal of his complaint if he continued to fail to follow procedural rules or orders, or file frivolous motions in this case. ECF No. 74, PageID.698. And the warning in this case followed *repeated warnings* that Hardy was given by the undersigned in *Hardy v. Whitaker*. Hardy's refusal to respect the Court's warnings supports dismissal of his complaint.

And as to the fourth factor, the Court has considered other sanctions, but for the reasons stated above, finds that monetary sanctions and revoking his IFP status would be ineffective.

## IV. Conclusion

The Court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** under Rule 41(b).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 6, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager