UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

Case No. 24-cv-11190
Honorable Linda V. Parker

v.

GENESEE COUNTY COMMUNITY ACTION RESOURCE DEPARTMENT, et al.,

Defendants.
______________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 113)**

**Background**

Plaintiff commenced this lawsuit against Defendants on May 3, 2024. The matter subsequently was assigned to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On April 6, 2026, Magistrate Judge Stafford issued a report and recommendation ("R&R") recommending that the Court dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 95.) Magistrate Judge Stafford issued the R&R after Plaintiff failed to heed the warning

that his continued filing of frivolous motions and the failure to follow procedural rules would result in the action being involuntarily dismissed pursuant to Rule 41(b) as a sanction for his flagrant misconduct. At the conclusion of the R&R, Magistrate Judge Stafford advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. She further specifically advised the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.)

Well after the fourteen-day deadline, in fact on August 25, 2026, after neither party filed objections, the Court adopted the R&R and dismissed Plaintiff's Amended Complaint with prejudice pursuant to Rule 41(b). (ECF No. 111.)

Plaintiff has now filed a motion to alter or amend the judgment, citing Eastern District of Michigan Local Rule 7.1 and Federal Rule of Civil Procedure 59(e). (ECF No. 113.) In the motion, Plaintiff contends that he in fact filed objections to the R&R, and he points the Court to ECF No. 100 filed on April 10, 2026. Defendants filed a response to Plaintiff's motion, pointing out that, in ECF No. 100, Plaintiff simply sought to correct the label for his objection to a non-dispositive order issued by Magistrate Judge Stafford. (*See* ECF No. 114.) Defendants further point out that there is no reference in ECF No. 100 to ECF No. 95—the R&R recommending Rule 41(b) dismissal.

**Standard of Review**

Under the December 1, 2021 amendments to Eastern District of Michigan Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration, the standard for a motion to reconsider a final order is now different than the standard for a motion to reconsider a non-final order. *Id*. Reconsideration of final orders must be sought under Federal Rule of Civil Procedure 59(e). *Id*. Rule 7.1(h) is inapplicable to final orders like this Court's decision adopting Magistrate Judge Stafford's recommendation to dismiss Plaintiff's claims with prejudice. *See* E.D. Mich. LR 7.1(h)(1) ("The court will not grant reconsideration of [final orders and judgments] under this rule.").

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Sixth Circuit's "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive." *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). *Black's Law Dictionary* defines "manifest injustice" as "an error

in the trial court that is direct, obvious, and observable …." *Id.* (quoting *Black's Law Dictionary* 982 (8th ed. 2004)). As one district court has observed, while

> "no general definition of manifest injustice has ever been developed . . . [w]hat is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

*McDaniel v. Am. Gen. Fin. Services, Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

Rule 59(e) permits a court to alter or amend a judgment, but it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.")). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting

*Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

**Analysis**

As Defendants correctly point out, in the document filed at ECF No. 100, Plaintiff neither referenced the R&R at issue nor asserted objections to any provisions of the R&R at issue. That document, clearly labeled "Notice of Correction," sought to amend the title of a previous filed objection to ECF No. 94—Magistrate Judge Stafford's order striking Plaintiff's motion to consolidate and denying his motion to compel.

Plaintiff filed several additional objections between Magistrate Judge Stafford's April 6, 2026 R&R recommending dismissal under Rule 41(b) and this Court's adoption of the R&R on August 25, 2026. (*See, e.g.*, ECF Nos. 105-107.) Although the title of those objections did not suggest that they related to that R&R, the Court carefully reviewed them to make sure it did not overlook any objections before adopting the magistrate judge's recommendations. At no point did Plaintiff assert an objection, much less a specific objection, to the R&R.

Therefore, the Court finds no basis to alter or amend its Judgment and Plaintiff's motion to do so (ECF No. 113) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 23, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 23, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager